IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MASSACHUSETTS

EUGENE R. FIDELL

v.

DEPARTMENT OF THE ARMY

Civil Action No. 25-cv-30020

## COMPLAINT

1. This is an action for agency records under the Freedom of Information Act, 5 U.S.C. § 552 (FOIA).

### Parties

2. Plaintiff Eugene R. Fidell is an attorney and law teacher specializing in military justice. He resides in Massachusetts.

3. Defendant Department of the Army is a federal agency subject to FOIA.

### Jurisdiction and Venue

4. This Court has subject-matter jurisdiction under 5 U.S.C. § 552 et seq. (FOIA) and 28 U.S.C. § 1331 (federal question). This Court has jurisdiction to grant declaratory, injunctive, and further necessary or proper relief pursuant to 28 U.S.C. §§ 2201–2202 (Declaratory Judgment Act).

5. Venue is proper in this District under 5 U.S.C. § 552(a)(4)(B) because Plaintiff resides in this District.

### Regulatory Context

6. The Manual for Courts-Martial, United States (2024 ed.), an executive order with the force of law, provides that "a person assigned for duty as a military judge shall serve as a military judge for a term of not less than three years, subject to such provisions for reassignment

- 1-

as may be prescribed in regulations issued by the Secretary concerned." Rule for Courts-Martial (R.C.M.) 502(c)(3).

7. R.C.M. 1203(a) provides:

> Each Judge Advocate General shall establish a Court of Criminal Appeals composed of appellate military judges who shall serve for a tour of not less than three years, subject to such provision for reassignment as may be prescribed in regulations issued by the Secretary concerned.

8. Paragraph 7-1e of Army Regulation 27-10, Legal Services: Military Justice (March 20, 2024) provides:

> e. Tenure for military judges. JAs [Judge Advocates] are certified as military judges by TJAG [The Judge Advocate General of the Army] and assigned to the Trial Judiciary for a minimum of three years. This three-year minimum tenure can be served at more than one duty location, if necessary to meet the needs of the Trial Judiciary. An exception to the three-year minimum tenure can be made if—
> (1) The military judge voluntarily requests to be reassigned to other duties, and TJAG approves such assignment.
> (2) The military judge retires or otherwise separates from military service.
> (3) The military judge is reassigned to other duties by TJAG based on the needs of the Service in a time of war or national emergency.
> (4) The officer's certification as a military judge is withdrawn by TJAG for good cause (see chap 15, Section III for suspension of military judges).

9. Paragraph 12-15 of Army Regulation 27-10, Legal Services: Military Justice (March 20, 2024) provides:

> 12–15. Tenure for military appellate judges
> JAs are certified as military judges by TJAG and assigned to the USACCA [U.S. Army Court of Criminal Appeals] for a minimum of 3 years, except under any of the following circumstances:
> a. The military judge retires or otherwise separates from military service;
> b. The military judge is reassigned to other duties by TJAG based on the needs of the Service in a time of war or national emergency;

c. The officer's certification as a military judge is withdrawn by TJAG for good cause (see chap 15).

**Facts**

10. On September 26, 2024, Plaintiff submitted an electronic FOIA request to Defendant, seeking:

> [a]ll records that state the specific start-date and end-date for the judicial term of office of each current U.S. Army general court-martial (GCM) judge and each current judge of the U.S. Army Court of Criminal Appeals (ACCA). This request covers both active and reserve component judges.

11. On. September 27, 2024, Defendant responded to Plaintiff by email:

> Greetings,
>
> Please be advised that this office has no records, it only serves as the referral point and policy office for the Department of the Army Freedom of Information Act (FOIA). Requests for information and documents under the purview of the Army are referred to the proponent agency for appropriate handling in accordance with Army Regulation 25-55, The Army Freedom of Information Act program. The FOIA only provides the means by which the public can request specific documents from the Army.
>
> The FOIA only provides the means by which the public can request specific documents from the Army. The FOIA does not require Federal agencies to respond to questions, render opinions, do legal research, compile, or analyze data, or conduct surveys for members of the public.
>
> As written, your request is unperfected as you are seeking data and not specific Army documents.  Please advise what specific Army documents you are seeking, as well as the time frame.
>
> We ask that you respond back to this e-mail within the next 7 calendar days with the requested clarification. If we do not hear back from you, we will assume you are no longer interested in your FOIA request, and your request will be administratively closed.
>
> Thank you,
> DA FOIA Office

12. On September 27, 2024 Plaintiff replied to Defendant by email:

> Contrary to your email, my request seeks agency records and is as precise as can be. If you look at it again, I am confident you will agree that it is perfectly clear and not, as you assert, "unperfected."
>
> I will be grateful for all responsive agency records within the time prescribed by the FOIA.

13. Defendant has not responded to Plaintiff's September 27, 2024 email.

14. Defendant has not processed Plaintiff's request and has not sent him any agency records pursuant to that request.

15. It appears from Defendant's September 27, 2024 email that it has not even attempted to conduct a search for agency records covered by Plaintiff's request.

## CAUSES OF ACTION

**Count One**
Violation of FOIA, 5 U.S.C. § 552(a)(3)
Failure to Conduct an Adequate Search and to Disclose Responsive Records

16. All of the foregoing allegations are repeated and realleged as though fully set forth herein.

17. Defendant is obligated under 5 U.S.C. § 552(a)(3)(A) to conduct a reasonable search for records responsive to the FOIA Request and to promptly produce those records.

18. Upon information and belief, Defendant has not conducted and/or completed an adequate search for responsive records to Plaintiff's FOIA request.

19. Plaintiff has a legal right to obtain such records, and no legal basis exists for Defendant's failure to search for them.

20. Defendant's failure to conduct a reasonable search for records responsive to the FOIA Request violates, at a minimum, 5 U.S.C. § 552(a)(3)(C), as well as the regulations promulgated thereunder.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff respectfully requests that this Court:

    a.    Assume jurisdiction over this action;

    b.    Declare unlawful Defendant's failure to conduct an adequate search for the requested records, and failure to disclose the records requested by Plaintiff;

    c.    Order Defendant to make a full, adequate, and expeditious search for the requested records;

    d.    Order Defendant to expeditiously process and disclose all responsive, nonexempt records or portions of records and to produce indexes justifying the withholding of any responsive records withheld under a claim of exemption;

    e.    Enjoin Defendant from improperly withholding requested records;

    f.    Award Plaintiff reasonable attorneys' fees and costs pursuant to 5 U.S.C. § 552(a)(4)(E), the Equal Access to Justice Act, and any other applicable provision of law; and

    g.    Grant such other relief as the Court may deem just, equitable, and appropriate.

Respectfully submitted,

EUGENE R. FIDELL, ESQ. (BBO # 164300)
Attorney *pro se*
9 Church St.
P.O. Box 202
Stockbridge, MA 01262
(203) 432-4982
EUGENE.FIDELL@YALE.EDU

by his local counsel,

      */s/ William Fick*
WILLIAM W. FICK, ESQ. (BBO # 650562)
FICK & MARX LLP
24 Federal Street, 4th Floor
Boston, MA 02110
(857) 321-8360
WFICK@FICKMARX.COM

Dated: January 31, 2025